[No. 2,779.]

# F. A. WILL ET AL. v. WILLIAM SINKWITZ.

EFFECT OF REMITTITUR OF SUPREME COURT UPON DISTRICT COURT.—
Where an ˙order of the Supreme Court reverses an order of the District
Court, by which a judgment in a County Court modifying a judgment in a
Justice's Court has been modified, and remands the cause with directions to
vacate the judgment of the County Court, the District Court has power
under the remittitur .from the Supreme Court to do nothing further than to
vacate the order of the County Court; it cannot render judgment for the
defendant unless so expressly ordered by the Supreme Court.

CLERICAL ERROR IN JUDGMENT.—Where, in such a case, the District Court
renders judgment in accordance with the order of the Supreme Court, but
the Clerk of the District Court uses an improper form in entering the judg-
ment, by which the Court is represented as dismissing the cause, the mis-
take of the Clerk does not change the judgment; it is a clerical blunder.

EFFECT OF JUDGMENT.—In the case stated, the result of the judgment of the
Supreme Court was to leave the cause in the County Court in the condition
in which it stood when the papers were filed therein on appeal from the Jus-
tice's Court.

ERRONEOUS JUDGMENT.—Where an order of a superior Court is filed in a
County Court, vacating a previous order of the latter Court which modified
a judgment in a Justice's Court, and the County Court directs its previous
order to be vacated in accordance with the decision of the superior Court, it
is error for the County Court to grant a motion for judgment on the plead-
ings and the Justice's record in the case, the motion having been made
prior to its order vacating the previous judgment.

NEW TRIAL.—In such a case the annulling of the judgment of the County
Court makes a new trial of the cause indispensable.

NUISANCE—REMEDY BY ACTION FOR DAMAGES.—Where the acts complained
of amount to nuisance, for which the person injured may have his action to
abate the nuisance, he is ˙not limited to that remedy, but may sue to recover
damages sustained by the wrongful acts of the defendant.

WRIT of certiorari to review proceedings of the County
Court of the City and County of San Francisco and set aside
its judgment.

The facts are stated in the opinion.

*N. B. Mulville,* for the Petitioner.

The record of the first trial in the County Court disclosed
the fact by the judgment (which was for three hundred dol-

lars) that the subject matter exceeded the jurisdiction of that Court. When an inferior tribunal renders judgment for an amount beyond its jurisdiction, it is evident that the subject matter exceeded the jurisdiction of the Court, and on appeal or review the action should be dismissed. (*Ford* v. *Smith*, 5 Cal. 331; *Wrattan* v. *Wilson*, 22 Cal. 465.) The first judgment and proceedings in this case being vacated and set aside by this Court deprived the County Court of any further jurisdiction over the cause, and was virtually a dismissal of the action. The Fifteenth District Court so held by its decision on review vacating the judgment subsequently entered. The only question that can arise on certiorari is the jurisdiction of the Court; and if a superior Court vacates the judgment of an inferior one, it is virtually a decision that the inferior Court had not jurisdiction, which is equivalent to dismissing the action.

The next point in this case is, that the subject matter, as appears by the complaint, is a nuisance, and comes under the rule, "*sic utere tuo utalienum non lades.*" The damages complained of as alleged arise from water flowing from defendant's to plaintiffs' property. (Prac. Act, Sec. 249.) Justice and County Courts on appeal have no jurisdiction in such cases; it brings into question the title and possession of real property.

If a cause of action exists at all in this case, it is a nuisance, which the County Court has only jurisdiction of by original proceedings under section eight of the Constitution, and not on appeal from a Justice's Court.

I think it evident that at the time of the last trial of this cause, and when judgment was entered for one hundred and seventy-five dollars and costs, that the said County Court had not jurisdiction over this case—either the subject matter thereof or the person of defendant.

*S. F. & L. Reynolds*, for Plaintiffs.

The fact of a Court rendering judgment for an amount beyond its jurisdiction does not render void the subject matter of the action, but only the judgment so rendered. The decision or judgment of this Court was only to the effect to set aside the judgment of the County Court, and thereby left the case precisely where it was on the 2d day of March, 1870, the day on which it was first called for trial in the County Court, and the first time the case was ever tried in the County Court.

As to the second point made by the counsel for the defendant, there is nothing in the record to show it; nor is there anything upon which it can be based. This was an action, as appears by the complaint, for damages to personal property. The plaintiffs were not the owners of the building. They were only the occupants of the building wherein their goods were stored at the time they were injured. The action was brought in the proper form for damages, and they could not have or maintain an action to abate a nuisance. The plaintiffs had the right to bring the action for damages in the Justice's Court, so long as the amount sued for was within the jurisdiction of that Court. The amount for which the action was brought was within the jurisdiction of the Court, and that is what gives and shows the jurisdiction of the Court.

If there is anything in the objection to the jurisdiction of the Justice's Court, or to the County Court on appeal, on the ground that the action should have been one to abate a nuisance, instead of an action for damages, that objection should have been taken before the trial in the Justice's Court, either by a demurrer or an objection in the nature of a demurrer. But the objection comes too late after having submitted to two trials in the County Court, after the case was appealed.

The only effect of the decision of this Court was to set aside the judgment of the County Court, and that left the case in the same position that it was after it made its first appearance in the County Court, on appeal from the Justice's Court. No motion for new trial could be made in the County Court on the part of plaintiffs. The only and proper motion that could be made was the one which the plaintiffs did make.

The action of the County Court, in placing the cause on the calendar for trial, was not granting a new trial. The trial, and the proceedings resulting in a judgment, were set aside by this Court, and that left the case as if no trial had been had, and hence the notice of motion by plaintiffs. We respectfully submit that there is nothing in the record to show error in the action of the County Court, and that the same should be affirmed and the said writ be dismissed.

By the Court, RHODES, C. J.:

An action was commenced in a Justice's Court for the recovery of two hundred and ninety-nine dollars and ninety-nine cents, for the damages occasioned by certain wrongful and negligent acts of the defendant, mentioned in the complaint; and judgment having been rendered for the plaintiffs, the defendant appealed to the County Court. A trial *de novo* was had in the County Court, and that Court rendered judgment for the plaintiffs for three hundred dollars. A writ of certiorari was issued to the County Court by the District Court of the Fourth District; and on the hearing of the cause, the District Court modified the judgment of the County Court by striking therefrom the sum of one dollar. An appeal was taken to this Court from the judgment of the District Court; and this Court reversed the order of the District Court, and remanded the cause, with directions to vacate the judgment of the County

Court. On the return of the remittitur, the District Court ordered that the judgment of the County Court be set aside and vacated. This order is followed by a formal judgment, whereby, "by virtue of the law, and by reason of the premises aforesaid, it is ordered, adjudged, and decreed" that the plaintiffs "take nothing by this action as against William Sinkwitz, defendant," and that the defendant recover his costs. A certified copy of the decision of this Court, and of the order of the District Court, having been filed in the County Court, that Court ordered that the judgment theretofore entered in that Court be set aside and vacated. Three days prior to the entry of that order the plaintiffs had moved for judgment for two hundred and ninety-nine dollars and costs, on the pleadings and papers in said cause; and about one month subsequent thereto the County Court gave judgment for the plaintiffs for that sum and costs. The defendant thereafter procured from the District Court of the Fifteenth District, a certiorari to the County Court; and on the hearing thereof the District Court ordered that "the judgment of the County Court, and all the proceedings in that Court, in the action on which said judgment was entered, be and the same is hereby set aside, vacated, and annulled." This is followed by a formal judgment: "Wherefore, by reason of the law and the premises, it is ordered, adjudged, and decreed," that the judgment in the County Court be set aside, vacated, and annulled, and that the plaintiffs "take nothing by this action" as against the defendant, and that the defendant recover his costs. Soon after the entry of that judgment, the County Court, on the plaintiffs' motion, placed the cause on the calendar for trial; and a trial having been had, the County Court rendered judgment for the plaintiffs for one hundred and seventy-five dollars and costs. The cause now before this Court is a certiorari issued by this Court, to bring up for review the last mentioned judgment of the

County Court.   This is a succinct history of this interesting case.

The only difficulties there are in this case, arise from the inattention of counsel in permitting the Clerk of the District Court, after the Court had pronounced its judgment, to enter up a judgment which did not accord with that which had been rendered—the Clerk, doubtless, using one of the common blank forms, without noticing that it was not the appropriate form.   The Fourth District Court, in pursuance of the order of this Court, ordered the judgment of the County Court to be vacated.   That was the extent of the order; but the District Court had no authority, under the remittitur from this Court, to adjudge that the plaintiffs take nothing by this action.   Had this Court intended that the District Court should render judgment for the defendant, in the action in the County Court, this Court would have so expressly ordered; and reading the whole judgment, it does not appear that the District Court ordered judgment to be entered for the defendant.   The result of the judgment was, to leave the cause in the County Court, in the condition in which it stood when the papers were filed therein on appeal from the Justice's Court.

The judgment which was rendered by the County Court, on the plaintiffs' motion, without a new trial, was clearly erroneous; but whether certiorari was the proper remedy to correct the error, is not a question which we can consider on the record now presented.

It is apparent from what has already been said, that when the first judgment of the County Court had been vacated, as well as when the second judgment—that which was rendered on the plaintiffs' motion—had been vacated, it was proper that the cause should be placed on the calendar for trial.   The annulling of the judgment made a new trial in-

dispensable, unless the judgment of the Fifteenth District Court amounted to a dismissal of the action. The judgment was, that the judgment in the County Court be vacated. The subsequent formal entry of the Clerk cannot be construed as giving the judgment a different effect—as changing entirely its nature. If the Court, on certiorari, may order the inferior tribunal to dismiss the action, it is clear that the statute does not authorize it, after vacating the judgment, to order a judgment to be entered for the opposite party. It is unnecessary, however, to determine whether such an order would be void; for, looking at the whole judgment, we construe this order to be a mere clerical blunder, and hold that it did not have the effect to add to or change the judgment, which it clearly appears was rendered by the Court. It did not directly dismiss the action.

The first point of the petitioners is that the judgment of this Court was virtually a dismissal of the action. It is apparent from what has already been said, that the judgment was not intended to have, and did not have, that effect.

The next point is that the subject matter of the action is a nuisance, and that, therefore, the Justice's Court had no jurisdiction of the cause of action. This is not an action to prevent or abate a nuisance, of which the County Courts, as well as the District Courts, have jurisdiction, but is an action for the recovery of damages occasioned by the alleged tortious acts of the defendant. Where the acts complained of amount to a nuisance, for which the person injured may have his action to abate the nuisance, he is not limited to that remedy, but may sue to recover the damages sustained by the wrongful acts of the defendant.

There is nothing in the petitioners' third point which requires further notice.

Writ dismissed.